# EXHIBIT 1

1:21-cv-1167

# PERALES, ALLMON & ICE, P.C.

ATTORNEYS AT LAW

1206 San Antonio Street
Austin, Texas 78701
(512) 469-6000 · (512) 482-9346 (facsimile)
info@txenvirolaw.com

Of Counsel:
David Frederick
Richard Lowerre
Brad Rockwell

August 27, 2021

<u>VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED</u>

Edwin Roark, Roark Properties, Inc.
Registered Agent, ELR Land Investments, LLC
3910 Sequoia Trail West
Georgetown, Texas 78628

E.W. Roark
Manager, ELR Land Investments, LLC
1215 Englewood Dr.
Nacogdoches, Texas 75964

JLM Construction Services Inc.
13216 Pond Springs Rd., Suite D
Austin, Texas 78729

David Marshall
President and Registered Agent, JLM Construction Services Inc.
11700 Fast Horse Dr
Austin, Texas 75759

**RE: Notice of Intent to File Citizen Suit for Violations of the Federal Clean Water Act.**

Dear Sirs and Madams:

By this letter, Marvin Ragsdale notifies you of his intent to sue ELR Land Investments, LLC ("ELR"), and JLM Construction Services Inc. ("JLM"), who have allegedly violated the Clean Water Act ("CWA") 33 U.S.C. §§ 1251, *et. seq.*, specifically 33 U.S.C. § 1311.

Mr. Ragsdale gives the requisite parties this notice and hereby states his intent to file suit on or after October 28, 2021, pursuant to 33 U.S.C. § 1365 (a)-(b) (the citizen's suit provision of the CWA) unless diligent efforts are made to correct the problems identified in this letter. Mr. Ragsdale hopes that litigation will not be necessary, and would be glad to meet with all stakeholders to seek a solution that resolves his concerns.

1

Mr. Ragsdale is primarily interested in ensuring that proactive measures are taken to protect the natural environment and to prevent damage to his real and personal property on County Road 289 adjacent to the site of the Reagan Ridge RV Park development ("RV Park"). Remediation and mitigation are necessary to rectify the property damage that has thus far occurred and to prevent further degradation of the natural environment and property.

As set out herein, it is Mr. Ragsdale's informed belief that ELR and JLM are violating federal law.

### The Clean Water Act

Congress enacted the CWA to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). To achieve this goal, the Act prohibits "the discharge of any pollutant" into navigable waters, except as authorized by the CWA. 33 U.S.C. § 1311(a).

The CWA establishes the National Pollutant Discharge Elimination System ("NPDES") under which the Administrator of the EPA or an authorized State can issue NPDES permits, which allow the lawful discharge of pollutants subject to certain conditions. 33 U.S.C. § 1342. In Texas, the TCEQ has the authority to issue NPDES permits through the Texas Pollutant Discharge Elimination System ("TPDES") program.

TPDES permits impose limitations on the discharge of pollutants, and establish related monitoring and reporting requirements, in order to improve the cleanliness and safety of the Nation's waters. Each violation of a TPDES permit violates the CWA and is grounds for enforcement action. 33 U.S.C. §§ 1311(a), 1365(f).

The holder of a TPDES permit is subject to both federal and state enforcement action for failure to comply with the limitations imposed in the permit. 33 U.S.C. §§ 1319, 1342.

Clean Water Act § 402(p) (33 U.S.C. § 1342(p)) requires permits for stormwater discharges from either industrial or municipal activities. The EPA has implemented this requirement by the promulgation of 40 Code of Federal Regulations (CFR) § 122.26. A stormwater discharge associated with industrial activity is defined in these regulations, at 40 CFR § 122.26(b)(14)(x), to include construction activity disturbing more than five acres. The regulation explicitly provides that this includes clearing, grading and excavation activities. Application requirements for storm water discharges associated with industrial activity, including construction activities disturbing more than five acres, are established at 40 CFR § 122.26(c). The Clean Water Act at § 301(a) (33 U.S.C. § 1311) establishes that no discharge of pollutants into a water of the United States is allowed except in compliance with the requirements of that Act, including the requirements of CWA § 402 (33 U.S.C. § 1342).

Thus, the requirements for authorizations contained in a general permit are enforceable through a citizen suit under § 505 (33 U.S.C. § 1365) of the federal Clean Water Act.

JLM Construction Services Inc. holds Stormwater Permit TXR1554FP, a Construction General Permit to discharge stormwater, issued by TCEQ pursuant to § 402 of the CWA and Chapter 26 of the Texas Water Code.

The requirement that a permittee develop and implement a stormwater pollution prevention plan, set forth at Part III of TXR150000, is one of the federally enforceable terms of this General Permit issued under TCEQ's delegated authority to implement CWA § 402(p). Among other requirements, this General Permit requires that the permittee design, install, and maintain effective erosion controls and sediment controls to minimize the discharge of pollutants as the result of construction activities.[1] All protective measures in the SWPPP must be maintained in effective working condition.[2] To this end, the General Permit requires the development of a stormwater pollution prevention plan (SWPPP), which must be implemented prior to commencing construction activities that result in soil disturbance.[3]  For activities disturbing ten or more acres at a time, the SWPPP must include a sedimentation basin providing sufficient storage to contain the volume of runoff from a 2-year, 24-hour storm event from each disturbed acre drained or equivalent control measures.[4] Furthermore, controls must be developed to minimize the offsite transport of litter, construction debris, and construction materials.[5] The General Permit also requires permittees to remove accumulations of sediment and debris that escape a site area.[6]

In addition to those requirements specifically articulated in the General Permit, the General Permit also requires documentation of compliance with approved State and local plans, including a required Edwards Aquifer Protection Plan ("EAPP"), including a Contributing Zone Plan.[7] Authorization under the EAPP is required before construction can begin where the site is located within the Edwards Aquifer Recharges Zone or Contributing Zone.

### Citizen Enforcement of the Clean Water Act

The CWA authorizes any citizen to file a civil action to enforce an effluent standard in an NPDES (or TPDES) permit, subject to certain limitations. 33 U.S.C. § 1365(a), (b). Subsection (a) of the citizen suit provision instructs: "Except as provided in subsection (b) of this section..., any citizen may commence a civil action on his own behalf... against any person... who is alleged to be in violation of... an effluent standard or limitation under this chapter." 33 U.S.C. § 1365(a)(1).

The CWA defines the term "an effluent standard or limitation under this chapter" to mean, among other things, "a permit or condition thereof issued under, which is in effect under [section 402 of the CWA]." 33 U.S.C. § 1365(f).

CWA section 505, 33 U.S.C. § 1365, empowers citizens to seek remedies for unpermitted discharges violating Section 301 of the CWA, 33 U.S.C. § 1311, and for violations of NPDES permit conditions. This section also authorizes citizens to seek injunctive relief.

---

[1] TXR150000, Condition III(G)(1).
[2] TXR150000, Condition III(F)(6)(a).
[3] TXR150000, Condition III(C).
[4] TXR150000, Condition III(F)(2)(c)(i)(A).
[5] TXR150000, Condition III(F)(2)(a)(iii).
[6] TXR150000, Condition III(F)(6)(d).
[7] TXR150000, Condition III(F)(5)(c).

For violations occurring after November 2, 2015, where penalties are assessed after December 23, 2020, each separate violation of the CWA subjects the violator to a penalty of up to $56,460 per day per violation, pursuant to sections 309(d) and 505(a) of the CWA. 33 U.S.C. §§ 1319(d), 1365(a), and 40 CFR § 19.4 (2009) (Adjustment of Civil Monetary Penalties for Inflation).

### JLM/ELR RV Park Site on Reagan Ridge Blvd.

JLM is a site work contractor that provides development, planning, and construction services including clearing, demolition, excavation, utilities, curbing, and paving. JLM is in the process of developing the initial site for Reagan Ridge RV Park at the corner of Ronald Reagan Blvd and County Road 289 in Georgetown, Texas. The site is physically located at 26690 Ronald Reagan Blvd, Georgetown, Texas 78633 within the Edwards Aquifer Contributing Zone.

ELR is a real estate development company located in Georgetown, Texas. ELR owns the land at the corner of Ronald Reagan Blvd and County Road 289 where they are developing an RV Park.

Marvin Ragsdale lives directly across County Road 289 from the construction site. The site work initially entailed raising the ground approximately ten feet from the original height. This left a plateau of exposed dirt spanning several acres across. Around the perimeter, at ground level, are silt fences, estimated to be one to two feet in height.

These stormwater controls have been ineffective at preventing the large volumes of stormwater laden with sediment from draining off the RV Park site and onto Mr. Ragsdale's property as well as into adjacent stormwater culverts and trenches. Mr. Ragsdale's pastures have started to noticeably turn beige as a result of being inundated with sediment-laden stormwater runoff. Mr. Ragsdale has a stock tank on his land that has started to cloud. The stock tank has developed a light-colored ring of sediment around the circumference that was not there prior to construction activity at the RV Park site.

Deposits of dried sediment cake the County Road and at various points on Mr. Ragsdale's property. These deposits have not been removed by either JLM or ELR. The stormwater retention pond constructed on RV Park site drains to the north and has not contained runoff flowing freely off the western boundary of the site.

Mr. Ragsdale's property has been the most directly affected by the polluted runoff from the RV Park development, but the runoff has also clogged drainage pipes running along County Road 289 at Ronald Reagan Blvd. In addition, the runoff originating from the RV Park site, reaches an unnamed tributary to the North Fork of the San Gabriel River, and eventually the North Fork of the San Gabriel River itself.

Based on information that was publicly available at the time of mailing this notice letter, it does not appear that JLM has submitted an EAPP or Contributing Zone Plan to the TCEQ or that an EAPP/Contributing Zone Plan was approved prior to construction commencing. Furthermore, the control measures that were installed along the western boundary of the RV Park site have not been effective in minimizing or preventing the discharge of pollutants.

The following images depict some of what has been described above.



**Figure 1**
**July 5, 2021 image depicting sediment-laden stormwater runoff flowing freely off the JLM/ELR RV Park site. Mr. Ragsdale's property is directly across the street to the right of the image.**



**Figure 2**
**June 27, 2021 image looking south down County Road 289, depicting sediment-laden stormwater runoff flowing over the top of a silt fence on the JLM/ELR RV Park site toward Mr. Ragsdale's property on the right.**

5





**Figure 3 and 4**
**July 29, 2021 image depicting sediment-laden stormwater runoff from JLM/ELR RV Park site crossing County Road 289 and draining onto Mr. Ragsdale's property on the right of both images.**

6



**Figure 5**
August 24, 2021 image depicting Mr. Ragsdale's property and stock tank in the background. The beige coloring is attributable to dried sediment from stormwater runoff from the JLM/ELR RV Park site.



**Figure 6**
August 24, 2021 image depicting the path the sediment-laden stormwater runoff takes to the stock tank on Mr. Ragsdale's property.

## Alleged Violations of the Clean Water Act

### A.  JLM and ELR are in violation of CWA § 301.

JLM and ELR has violated CWA § 301 by discharging pollutants in violation of General Permit TXR150000, and continue to be in violation of the Act as follows:

| Provision of TXR150000 | Violation | Dates of Violation |
|---|---|---|
| Condition III | Failure to develop and implement sufficient SWPPP to minimize to the extent practicable the discharge of pollutants in stormwater associated with construction activity. | June 7, 2021 to present. |
| Condition III(G)(1) | Failure to minimize the discharge of pollutants, resulting in discharge of pollutants. | June 27, July 5, July 19, and July 29, with likely recurrence upon future rainfall events. |
| Condition III(F)(6)(a) | Failure to implement and maintain required control measures relating to construction activities in effective working condition. | June 7, 2021 to present. |
| Condition III(F)(2)(a)(iii) | Failure to implement measures to sufficiently prevent the offsite transport of litter, construction debris, and construction materials. | June 27, July 5, July 19, and July 29, with likely recurrence upon future rainfall events. |
| Condition III(F)(6)(d) | Failure to remove accumulations of sediment and debris escaping the site. | June 27, 2021 to present. |
| Condition III(F)(5)(c) | Failure to submit and receive approval of an Edwards Aquifer Protection Plan or Contributing Zone Plan prior to commencing construction. | June 7, 2021 to present. |

### B.  Duration and potential penalties

As identified above, each of these violations is either ongoing or is anticipated to recur upon subsequent rainfall events. Considering that these violations carry a potential penalty of $56,460 per violation per day, the total penalties associated with these violations would be substantial.  If a citizen suit is rendered necessary, then the relief sought by Mr. Ragsdale will include the full assessment of financial penalties for the violations at issue.

Should this dispute progress to litigation, Mr. Ragsdale expects that discovery will identify additional violations. Should he be forced to bring suit, Mr. Ragsdale intends to sue for all violations, including those yet to be uncovered and any similar violations that occur after the date of this notice letter.

### Person Giving Notice

The full name, address, and telephone number of the person providing this notice:

Marvin Ragsdale
1830 County Rd. 289
Georgetown, TX 78633
(512) 948-5687

Mr. Ragsdale may be reached through his attorneys. The attorneys representing Mr. Ragsdale in this matter are:

Lauren Ice
John Bedecarre
PERALES, ALLMON & ICE, P.C.
1206 San Antonio Street
Austin, Texas 78701
(512) 469-6000
(512) 482-9346 Fax
lauren@txenvirolaw.com
johnb@txenvirolaw.com

As noted above, Mr. Ragsdale would prefer to resolve this matter without the need for litigation. Please feel free to contact me to discuss how these issues may be addressed.

Sincerely,

Lauren Ice

Cc: <u>VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED</u>

JLM Construction Services, Inc.
P.O. Box 1505
Cedar Park, Texas 78630

Michael Regan
U.S. Environmental Protection Agency
Office of the Administrator, MC-1101A
William Jefferson Clinton Building
1200 Pennsylvania Avenue NW
Washington, D.C. 20004

David Gray
Acting Regional Administrator, Region 6
U.S. Environmental Protection Agency
1201 Elm Street, Suite 500
Dallas, Texas 75270

Hon. Merrick Garland
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

Toby Baker
Executive Director
Texas Commission on Environmental Quality
MC 109
P.O. Box 13087
Austin, Texas 78711-3087

Ken Paxton
Texas Attorney General
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548




Certified Mail Receipts:

- $4.80, Ragsdale (507), NOI suit — David Gray, Acting Regional Administrator, Region 6, U.S. EPA, 1201 Elm Street, Suite 500, Dallas, Texas 75270 — 7009 2250 0004 5214 9253

- $4.80, Ragsdale (507), NOI suit — Pres. David Marshall, Reg. Agent, JLM Construction Services Inc., 11700 Fast Horse Dr., Austin, Texas 78759 — 7009 2250 0004 5214 9291

- $4.80, Ragsdale (507), NOI suit — Michael Regan, EPA MC-1101A, William Jefferson Clinton Building, 1200 Pennsylvania Avenue NW, Washington, D.C. 20004 — 7009 2250 0004 5214 9284

- $4.80, Ragsdale (507), NOI suit — JLM Construction Services, Inc., P.O. Box 1505, Cedar Park, Texas 78630 — 7009 2250 0004 5214 9277

**Receipt 1 (top left):**

SENDER: COMPLETE THIS SECTION
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Edwin Roark, Registered Agent,
ELR Land Investments, LLC
3910 Sequoia Trail West
Georgetown, Texas 78628

2. Article Number (Transfer from service label)
9590 9402 4262 8121 9790 63
7009 2250 0004 2314 9239

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

COMPLETE THIS SECTION ON DELIVERY
A. Signature: X K. Roark ☐ Agent ☐ Addressee
B. Received by (Printed Name): K RG C19 09/3/21
C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes ☐ No
   If YES, enter delivery address below:

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

**Receipt 2 (top right):**

SENDER: COMPLETE THIS SECTION
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Michael Regan, EPA MC-1101A
William Jefferson Clinton Building
1200 Pennsylvania Avenue NW
Washington, D.C. 20004

2. Article Number (Transfer from service label)
9590 9402 4262 8121 9789 29
7009 2250 0004 2314 9284

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

COMPLETE THIS SECTION ON DELIVERY
A. Signature: X ☐ Agent ☐ Addressee
B. Received by (Printed Name): SEP 03 2021
C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes ☐ No
   If YES, enter delivery address below:

3. Service Type (same checkboxes as above)

**Receipt 3 (bottom left):**

SENDER: COMPLETE THIS SECTION

1. Article Addressed to:

Pres. David Marshall, Reg. Agent
JLM Construction Services Inc.
11700 Fast Horse Dr.
Austin, Texas 78759

2. Article Number (Transfer from service label)
9590 9402 4262 8121 9789 12
7009 2250 0004 2314 9291

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

COMPLETE THIS SECTION ON DELIVERY
A. Signature: X [signature] ☐ Agent ☐ Addressee
B. Received by (Printed Name): [illegible]
C. Date of Delivery: 9/4
D. Is delivery address different from item 1? ☐ Yes ☐ No

3. Service Type (same checkboxes)

**Receipt 4 (bottom right):**

SENDER: COMPLETE THIS SECTION

1. Article Addressed to:

Hon. Merrick Garland
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

2. Article Number (Transfer from service label)
9590 9402 4262 8121 9790 56
7009 2250 0004 2314 9246

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

COMPLETE THIS SECTION ON DELIVERY
A. Signature: X [signature] ☐ Agent ☐ Addressee
B. Received by (Printed Name): [signature] SEP 03 2021
C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes ☐ No

3. Service Type (same checkboxes)

Certified mail return receipts:

**Receipt 1** (stamped AUG 30 2021, RECEIVED IN MAIL CENTER, OFFICE OF THE ATTORNEY GENERAL):
- Addressed to: Ken Paxton, Texas Attorney General, P.O. Box 12548, Austin, Texas 78711-2548
- Article Number: 7009 2250 0004 2314 8423
- 9590 9402 4262 8121 9791 17

**Receipt 2** (stamped SEP 01 2021, EPA R6 MAIL CENTER):
- Addressed to: David Gray, Acting Regional Administrator, Region 6, U.S. EPA, 1201 Elm Street, Suite 500, Dallas, Texas 75270
- Article Number: 7009 2250 0004 2314 9253
- 9590 9402 4262 8121 9790 25

**Receipt 3**:
- Addressed to: Toby Baker, Executive Director, TCEQ, MC 109, P.O. Box 13087, Austin, Texas 78711-3087
- Article Number: 7009 2250 0004 2314 8430
- 9590 9402 4262 8121 9791 00