UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **MARVIN RAGSDALE,** § | |
| *Plaintiff* § | |
| § | |
| v. § | Case No. 1:21-CV-01167-SH |
| § | |
| **JLM CONSTRUCTION SERVICES,** § | |
| **INC.,** § | |
| *Defendant* § | |

**O R D E R**

Now before the Court are Plaintiff's Motion for Summary Judgment, filed October 6, 2032(Dkt. 48); Defendant JLM Construction Services, Inc.'s Response, filed October 20, 2023 (Dkt. 50); and Plaintiff's Reply, filed October 27, 2023 (Dkt. 52).

**I.   Background**

Plaintiff Marvin Ragsdale brings this enforcement action under the Clean Water Act, 33 U.S.C. § 1251 *et seq.* (1972), against JLM Construction Services, Inc. ("JLM"). Ragsdale alleges that since June 27, 2021, JLM has discharged contaminated stormwater from the site of the Reagan Ridge RV Park ("Reagan Ridge Property"), in violation of the Construction General Permit to discharge issued by Texas Commission on Environmental Quality. Specifically, Ragsdale alleges that JLM failed to (1) design, install, and maintain effective erosion controls and sediment controls to minimize discharge of pollutants; (2) remove the accumulations of sediment, beginning with the first instance of accumulation; and (3) conduct inspections and properly document items required for inspections. JLM disputes these allegations.

Ragsdale moves for summary judgment under Rule 56, arguing that there are no genuine issues of material fact on his claims.

## II.  Analysis

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). "A 'material' fact is one that might affect the outcome of the suit under governing law, and a fact issue is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 611 (5th Cir. 2018) (cleaned up). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323 (internal quotations omitted). "If the movant meets this burden, the nonmovant must then come forward with specific facts showing there is a genuine issue for trial." *Renwick*, 901 F.3d at 611. When ruling on a motion for summary judgment, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

The Court finds that JLM has come forward with competent summary judgment evidence to create material fact issues on Plaintiffs' claims. Accordingly, the Court **DENIES** Plaintiff's Motion for Summary Judgment (Dkt. 48).

**SIGNED** on November 17, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE